Judge Birch
delivered the opinion of the court.
When this case was formerly before this court, 11 Mo. Rep. 226, the liability of a steám boat, as a common carrier, was somewhat elaborately discussed, and from the principles laid down in that decision, so far as they are involved in the questions here, we have perceived no reasons to depart. It will only be necessary, therefore so far to restate the case, as to render intelligible, in this connection, the difference of opinion between this court and the court below.
The plaintiffs brought this suit against the steam boat St. Anthony under the fourth subdivision of the first section Of the act concerning Boats and Vessels, alleging that they contracted with said boat to transport the sum of five hundred and seventy two dollars in bank notes to a point on the Ohio river, and delivered to the clerk of said boat a letter enclosing that sum, directed to Wm. Bell; four hundred and twenty dollars of which was never delivered. The parties having gone to trial upon the general issue, it was proven by the plaintiff that the letter enclosing the money, and directed as in the complaint alleged, was delivered to the clerk of the St. Anthony, on board, to be transported and left according to its direction ; that the letter was delivered, but that it *393 contained but one hundred and fifty dollars, and bore appearances of having been broken open and resealed.
Various witnesses testified respecting the usages of the trade or the custom of boats in carrying such letters; and although their testimony may be regarded as inexplicit and unsatisfactory, even if taken in connection with the declaration of the clerk when on the voyage, that “they intended to have five dollars for bringing the package round,” we think the instructions of the court should have left it to the jury to decide, from the testimony before them, whether boats were or were not in the habit of carrying such packages as freight or for hire. If they were, the liability of the boat would be unquestionable. If they were not, the" case would be otherwise, except where, as held in the previous opinion in this case, no usage being shown, the agreement of the carrier might raise the presumption that such was his customary employment.
The contrary of these positions having been apparently assumed and acted upon by the court below, especially in the instructions which it delivered to the jury, whereby there was virtually withdrawn from the consideration the finding of the facts alluded to, its decision is, for that reason reversed, and the cause remanded for a new trial in conformity with this opinion.